IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIRA CABAN, *

    Plaintiff *

v. * CIVIL NO. JKB-17-01872

MET LABORATORIES, INC., *

    Defendant. *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

In this employment discrimination dispute, Plaintiff Kira Caban sued Defendant MET Laboratories ("MET") for sex discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978. 42 U.S.C. §§ 2000e-2(a), 2000e(k). Caban alleged discrimination on the basis of recent pregnancy and childbirth, lactation, and sex. On May 15, 2019, this Court denied MET's motion for summary judgment on the first count: discrimination based on recent pregnancy and childbirth. Because the parties' arguments focused primarily on Caban's assertion that MET discriminated against her because of her recent pregnancy, the Court sought clarification as to whether Caban was abandoning the other two counts. Caban has responded, seeking to voluntarily dismiss Count II, "Discrimination Based on Lactation," but affirming her pursuit of Count III, "Discrimination Based on Sex." (ECF No. 52.) The Court will dismiss Count II and deny MET's motion for summary judgment as to Count III.[1]

Pregnancy discrimination and sex discrimination are not easily divisible. *See DeJarnette v. Corning Inc.*, 133 F.3d 293, 297 (4th Cir. 1998) (holding pregnancy discrimination claims are

---

[1] The Court need not wait for MET's response. Caban merely asks for a decision on summary judgment, an issue that both parties were given the opportunity to brief.

analyzed in the same manner as other Title VII sex discrimination claims). In obvious ways, being pregnant is inextricably tied to sex. For that reason, both MET and Caban analyzed the claims together.

The analysis does differ somewhat, however, regarding pretext. As the Court stated in its May 15 Memorandum, where an employer hires an employee knowing the employee is within a protected group, then quickly fires that person, a "strong inference" arises that the reason behind termination was not discrimination. *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991). MET did not know of Caban's recent pregnancy when MET hired her, but MET did know that Caban was female. Thus, unlike with the pregnancy discrimination claim, there is a stronger presumption that MET did not terminate Caban because of her sex. The evidence that showed pretext for pregnancy discrimination also shows pretext for sex discrimination. (Memo. Op. at 26, ECF No. 50.) First, the contention and evidence that male employees were less severely punished for committing similar misconduct supports a finding that MET's stated reasons for terminating Caban were pretextual and that the real reason was sex discrimination. Second, the evidence that no one at MET informed Caban of the policies she was violating daily suggests pretext. Third, MET's president's repeated references to Caban's pumping while tracking her hours—although clear evidence of pretext for pregnancy discrimination—also support a finding that MET's real reason for terminating Caban was sex discrimination. The Court concludes that this showing overcomes the strong inference that the termination was not motivated by sex discrimination.

Therefore, the Court denies summary judgment as to Count III, "Discrimination Based on Sex," because, as with the pregnancy discrimination claim, MET failed to establish that there was no genuine dispute of material fact that Caban was discriminated on the basis of her sex. *See* Fed. R. Civ. P. 56(a).

Based on these reasons and the reasons set forth in the Court's May 15 Memorandum, it is hereby ORDERED:

1. Plaintiff Kira Caban's "Notice of Withdrawal Regarding Count II, and Motion for Ruling that the Court Has Denied Defendant's Motion for Summary Judgment as to Count III" (ECF No. 52) is GRANTED;
2. The Clerk is DIRECTED to DISMISS Count II; and,
3. Count I and III remain.

DATED this 31 day of May, 2019.

BY THE COURT:

_James K. Bredar_
James K. Bredar
Chief Judge